HARRY BROWDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Browder v. Commissioner
Docket No. 29176-88
United States Tax Court
T.C. Memo 1990-408; 1990 Tax Ct. Memo LEXIS 423; 60 T.C.M. (CCH) 386; T.C.M. (RIA) 90408; August 2, 1990, Filed *423 An appropriate order will be issued and decision will be entered for the respondent. Harry Browder, pro se. Keith L. Gorman and Daniel Morman for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent *425 determined deficiencies in petitioner's Federal income taxes for the taxable years 1983, 1984, and 1985 in the amounts of $ 6,797, $ 2,351, and $ 1,266, respectively, and additions to tax as follows: Additions to Tax
Year
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1983
$ 1,635.25
$ 339.85
50% of interest
$ 1,699.25
due on $ 6,797.00
1984
587.75
117.55
50% of interest
--
due on $ 2,351.00
1985
315.50
63.30
50% of interest
--
due on $ 1,266.00
Petitioner did not file income tax returns for any of the years at issue, and maintains that the Internal Revenue Service lacks authority to issue a notice of deficiency or to prepare substitute returns, and has no power to impose an *426 individual income tax. The issues to be decided are: 1. Whether respondent's deficiency determinations for petitioner's taxable years 1983, 1984, and 1985 are correct. 2. Whether petitioner is liable for the additions to tax (a) for failure to file returns under sec. 6651(a)(1) for 1983-1985; (b) for negligence or intentional disregard of the rules and regulations under sec. 6653(a)(1) and (2) for 1983-1985; and (c) for substantial underpayment of tax under sec. 6661 for 1983. 3. Whether petitioner is liable for a penalty under sec. 6673 for instituting and maintaining this action primarily for delay. As discussed below, we find for respondent on each issue. We also impose a penalty on petitioner in the amount of $ 3,000 under section 6673. FINDINGS OF FACT Petitioner resided in Hamburg, Pennsylvania when he filed his petition in this case. Petitioner did not file tax returns for any of the years at issue. In response to respondent's request for admissions, petitioner responded: "There are 291 different Federal Income Tax Return forms design [sic] for information and tax returns, and the Respondent still refuses to identify the particular form that Petitioner *427 was/is required to file." Additionally, petitioner claims that "Respondent, et. al., are deceiving the public at large by alleging that everyone is required to file form 1040 * * *." (Emphasis in original.) Respondent determined petitioner's wage income was $ 26,611 for 1983. Additionally, in 1983, respondent determined petitioner received $ 2 interest income, $ 221 refund of state income tax, and unemployment income of $ 1,390. For 1984, respondent determined petitioner received wage income of $ 15,747, and interest income of $ 10. For 1985, respondent determined petitioner received wage income of $ 11,290, and interest income of $ 56. Respondent determined that petitioner's filing status for 1983-1985 was married, filing separately. In response to respondent's request for admissions, petitioner conceded that these determinations were correct. Petitioner provided receipts for union dues in the amounts of $ 534.25 for 1983 and $ 247.00 for 1984. The only other records he produced were travel expense logs, and expenses he incurred while a student. He stated that he did not produce any other documents in response to respondent's request for production of documents because *428 he couldn't "produce something that doesn't exist," and that "petitioner is not and or was not required to keep books and records because petitioner has never received notice from the District Director." Respondent's determination allowed the standard deduction, which was more beneficial to petitioner than itemization of the substantiated deduction for union dues. OPINION Petitioner argues that respondent possesses no authority to prepare a substitute return or to examine petitioner's books and records, and that the notices of deficiency were issued without proper delegated authority despite the fact that they were signed by a District Director. It is well established that the authority to determine and issue statutory notices of deficiency is vested by statute in the Secretary of the Treasury or his delegate. See secs. 6212(a), 7701(a)(11)(B), and 7701(a)(12)(A)(i). Pursuant to sections 301.6212-1(a) and 301.7701-9(b), Proced. & Admin. Regs., the Secretary has delegated to District Directors the authority to send deficiency notices. ; see , *429 affd. . A District Director possesses the requisite authority to sign and to mail statutory notices of deficiency and may redelegate this authority to various subordinates except as restricted by proper order or directive. ; see sec. 301.7701-9(c), Proced. & Admin. Regs.; ; . Similarly, it is clear that respondent is entitled to execute and file substitute returns for taxpayers who fail to do so themselves, section 6020(b)(1), but the substitute return does not preclude a taxpayer's statutory right to a hearing on the deficiency and the elements that comprise it. , citing . Petitioner's contention that respondent lacks authority to examine petitioner's books and records is also without merit. Under section 7602(a), respondent may examine the books, records, papers, or other data as are relevant or material to the examination of, *430 or where none has been made preparation of, a taxpayer's return. Respondent's deficiency determination in his statutory notice of deficiency is presumed to be correct. Petitioner must prove by a preponderance of the evidence that respondent erred in his determination. ; Rule 142(a). Petitioner conceded, and we find, that respondent's determination of his income for 1983 through 1985 was correct. Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for tax years 1983-1985. Section 6651(a)(1) provides for an addition to tax for failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The burden of proof is on petitioner to show that the failure is due to reasonable cause and not willful neglect. ; , affd. without published opinion . Petitioner was deemed to admit that he failed to file timely returns for tax years 1983 through 1985 and *431 provided no explanation for such failure. Accordingly, we sustain respondent's determination that petitioner is liable for an addition to tax under section 6651(a)(1). Respondent also determined that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for tax years 1983-1985. Section 6653(a)(1) imposes an addition to tax equal to five percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) imposes an additional liability of 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules or regulations. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. ; . We find that petitioner's underpayment is due to intentional disregard of rules and regulations. Consequently, we find that petitioner is liable for additions to tax under *432 sections 6653(a)(1) and (2). We must also decide whether petitioner is liable for an addition to tax under section 6661(a) for a substantial understatement of tax liability for 1983. Section 6661 authorizes an addition to tax when there is a substantial understatement of income tax in any given taxable year. Section 6661(a). The Omnibus Budget Reconciliation Act of 1986 increased the rate at which the addition to tax pursuant to section 6661 was imposed from 10 to 25 percent for additions to tax assessed after October 21, 1986. . A substantial understatement exists if in any year the amount of the understatement exceeds the greater of 10 percent of the amount required to be shown on the return or $ 5,000. Section 6661(b)(1). The amount of the understatement is reduced if there is substantial authority for the tax treatment of the item or if the relevant facts affecting the item are adequately disclosed on the return. Section 6661(b)(2)(B). Petitioner presented no evidence to carry his burden of proving respondent's determination as to this issue erroneous. Accordingly, we hold that petitioner is liable for *433 the addition to tax under section 6661. Respondent filed a Motion For An Award of Damages to the United States (now called a penalty) under section 6673. For positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the Court may award a penalty not in excess of $ 25,000 when proceedings have been instituted or maintained primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available remedies. Sec. 6673(a)(1). [2]
It appears to the Court that each of the reasons set forth in section 6673(a)(1) for applying sanctions is applicable in this case. With the exception of some deductions claimed in the supplemental *434 stipulation of facts produced after being so ordered, petitioner made no attempt to disprove adjustments to gross income, filing status, or number of exemptions. Instead, at trial and in other documents filed with the Court, especially on brief, petitioner makes tax protestor arguments that have been rejected by this Court on many occasions. See, e.g., , (1981), affd. ; . On the basis of the entire record, the Court concludes that petitioner, having failed to present any evidence at trial to disprove any of the issues raised by the notice of deficiency, and claiming that the Internal Revenue Service lacked delegated authority to impose an income tax, maintained a position that was frivolous and groundless and instituted these proceedings primarily for purposes of delay. Petitioner has wasted the resources of this Court by making frivolous, tax protestor-type arguments. Under these circumstances, we require petitioner to pay to the United States a penalty in the amount of $ 3,000. An appropriate order will be issued and *435 decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year at issue, unless otherwise noted, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The amount of the penalty was increased from $ 5,000 to $ 25,000 by the Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩